Good morning, justices. May I please the court with my arguments? My arguments are straightforward. Let me try to recap the whole case, as I see important to recap for your honors. So, in January 5th, 2018, I filed for Chapter 11 case while being in the pending litigation against Psychiatric Incorporation Epstein America, where I was defendant, among other 16, about 16 defendants. As of March 8th, 2018, which is about three months later, the case got converted from Chapter 11 to Chapter 7 liquidation. And immediately after that, trustee was assigned and trustee was hiring her team, which one of the team members was the professional hired by this for the state and for the trustee was Fox Rochelle LLP. My argument is that Fox Rochelle LLP was not a disinterested party, which should not make that party qualified. Because of because they as they stated under oath in there, I'm sorry, is as they said it stated in their declaration signed under penalty of perjury by Michael Sweet, general counsel for trustee and for the state. They, Fox Rochelle, basically essentially was representing Epstein in many other unrelated to this bankruptcy matters. And next, what happened is that the Fox Rochelle LLP has been involved in almost every single step. In between in resolution of all matters between Seiko Epson and and called as a state, as I have said in the very beginning. In that bankruptcy called does the state at first called that was a part of the litigation were against the Epson and then after filing for bankruptcy and after assignment or the trustee trustee became took that role. So trustee was was in the litigation against Epson and having the Epson's counsel representing trustee. It, of course, resulted in a very unexpected way. First, they signed a stipulation trying to resolve and trying to basically what I'm trying to point out over here is not what the stipulation meant, but rather the Fox Rochelle involvement. Which simultaneously was representing trustee and called as a state on in this game bankruptcy case, and in many other unrelated cases, Epson. Next thing, which shows the undisputed involvement of Fox Rochelle LLP while representing both was dismissal of the wrongful seizure action, which I commenced as it turned out to be wrongfully in the central district of in the district court of Central California. And that that that case was dismissed, not as a bankruptcy court ordered. Just the bankruptcy court ordered it to be dismissed by the trustee, but it was dismissed with prejudice and immediately right after the dismissal. I filed my motion to abandon and that was abandoned to me the right to abandon to me. I don't think that the judgment that go ahead dismiss it with prejudice and then we will abandon it. It was a surprise for everybody that the case was dismissed by Fox Rochelle against Epson and the dismissal was with prejudice, leaving me no way to prosecute it further. After abandonment, I did try to prosecute that I did try to set aside to that that dismissal with prejudice, but I was not successful. That case is pending appeal right now in the before the Ninth Circuit. Next thing, of course, that I was complaining about about Fox Rochelle being not as interested. I was trying to remove Fox Rochelle and about the trustee and that brought us all to the second. If you were not going to be discussing right now, we're going to be discussing later on. Summarize, I claim that I have a personal injury, which is separate from all of the other creditors to to the extent the reason I say to the extent I'm sorry. The reason I say to the extent because there is a certain amount that of the claim against the trustee and against the Fox Rochelle that that I can if I prevail, I would be able to get that that amount would not be of interest of any other creditor. And the reason for that, because there is a priority IRS claim claim filed with the state, which, as far as I understand, no other credit is going to get paid unless and until that claim is going to be satisfied in full. I'm sorry, but you're arguing about the IRS, right? The IRS will be paid and that you're liable for that despite your bankruptcy. That's right. That's right. And that's why, as far as as far as I understand, that's why it's a priority claim, meaning that all of the funds of the state are distributed are prioritized to pay off IRS debt. And only if there is a left over, then it distributed among their last prioritized creditors. But the problem with that argument, it doesn't negate the fact that the IRS is credited. It's just a classification of a creditor. It does not your your injury is still the same. I mean, it's it's the damage to the payment of your creditors and that creditor class. Yeah, but my argument is that let's assume there's going to be one million in their state or let's compare it to situations. One million in this state after all of the claims, regardless against trustee or anybody, or let's say two hundred thousand, because IRS has a priority and it's going to be the only party who is going to be paid. Other creditors have no interest in that. In other words, if that if that lawsuit against trustee, which I'm trying to get, get the possession of the of the right to pursue, other creditors have no interest. They are part of the creditors, but they have no interest at all in that. Besides, of course, say absent against who is one of their possible future defendants. So capstone has interest, not because they are part of all of the credit creditors, but rather because it's subject. It can be a subject to the possible litigation that I'm trying to gain gain rise to. So I asked to address your argument. I do. As far as I understood, you're saying that they all creditors and priority doesn't matter. I think in this particular situation, my argument is it does. And as yeah, that's that's basically my argument. And I truly believe that if I would be on the place of the creditor and for me personally, it's not going to result in the funds. I'm not going to be even saying anything if it's not even a possibility to benefit from that and not just benefit net benefit, meaning that it might be very small benefit, but the cost to to to participate in the court proceeding might not make sense. That's my basically argument. And that's how I assert that this is my personal, whether you agree or not. But that's at the moment I'm I'm open to to hear that. So all of that seems very unjust and wrong. And I think that I am the one who suffered already from dismissal with prejudice of the wrongful seizure action. And the fact that it was wrongfully filed or rightfully filed, it has no it should be relevant for the purpose of this one. The trustee has a duty duty of care to all of them assets that I gave. And there's an example as an actually, I'm going to stop right here. I see the clocks. Yeah, thank you. All right. Thank you. All right. How are you going to split your time? Morning, Your Honor. Mr. David will take five minutes and I will take 10, although I I do not believe I will be speaking for 10 minutes. All right. So, Mr. David, I think you're going to go first. Actually, I think Mr. Sellers was going to go first. Oh, all right. Fine. Thank you, Mr. Good morning. It may please the court. Jack Pretzell is for the happily the chapter seven trustee for Mr. Cush called Bankruptcy of State to start and possibly end with standing. I think as Judge Breaker kind of drew out from Mr. Cush called that the claims that Mr. Cush called wants to assert are derivative claims that should they exist would be claims common to all creditors in the bankruptcy case. So who has standing to challenge the trustees administration? Well, I believe Mr. David will be addressing that. And I believe that's that went through. I think Mr. David's argument is that a successor trustee would challenge how how it had gone, what had happened. That can't be so. So the only way to bring an action against the estate is to remove the trustee, which has been sought here and then have that successor do a forensic analysis and bring an action. So let's take the worst example, a chapter seven trustee commits embezzlement. It harms the estate. None of the creditors and the trustee and the debtor in a surplus case could not sue that trust that trustee for embezzlement because it is a harm to the the constituent class that that trustee is supposed to serve. I, I agree with you. I agree with the premise of your question that that under those circumstances, there would be a party that would be able to to challenge that concept. I think in this case, Mr. Cush called a rather clearly sets forth that that his complaint is all about the administration of the of this bankruptcy estate that happened in front of this bankruptcy court. And I do believe that that Mr. Cush called his argument falls right into the Stoll case that's been that was cited in the trustees papers. But that brings me back to my question is who who can who can sue? I mean, Stoll says basically stands for your point. I mean, that that the successor trustee who existed in that case could. But what happens if there's no successor trustee? I don't like we have to go to the Kashani factors, really, to determine whether or not the lawsuit can be brought. Well, and I and I do believe that the Kashani factors in this case make quite evident that that the that it does not make sense for and it would have not been appropriate for the bankruptcy court to have allowed this case to proceed in a different forum. You know, and I do want to remind the panel why the bankruptcy and the bankruptcy court is entitled to significant discretion here. You know that the bankruptcy, the order that's been appealed here is documentary 949. And at that point, this bankruptcy case was two years old. The bankruptcy court has a year long and years long investment in this case that it entitles its decision to deny, you know, pro se, Mr. Kushala permission to sue the trustee and her court appointed professionals in a significant in a in a different forum, significant deference. The you know, and I won't repeat the, you know, our analysis of the Kashani factors, which is on page 22 of our brief. But I just want to reiterate that that when you look at the Kashani factors and you look at Mr. Kush called his claims, they all concern what happened in this bankruptcy case and the bankruptcy cases administration in front of the in front of this particular bankruptcy judge. And for that reason, it wouldn't make any sense whatsoever to litigate those claims in front of another judge in another court. I think that that the Kashani case, you know, sort of stands for the proposition that bankruptcy, you know, if you have claims related to the administration of the bankruptcy court, they happen in bankruptcy court, not in a different court. So counsel, can I ask a question? And that is, are you suggesting that he doesn't have standing to bring the claims or that he doesn't have standing to appeal the denial of his motion that he that the court, the bankruptcy court refused to grant him leave? In other words, are you suggesting that we don't have jurisdiction and we should dismiss the appeal? Or do you want us to affirm the order of the bankruptcy court? Well, I think that the bankruptcy court order should be a form affirmed based based on her. I mean, the bankruptcy court order doesn't actually ask the standing question. And if the court isn't comfortable addressing it, you know, you can affirm the bankruptcy court's order, you know, which is an exercise of her discretion. It's, you know, she in detail, painstaking detail lays out why she exercised her discretion in denying Mr. Kashkala permission to bring this action in another in another forum. But she finds, doesn't she, that the the reason that he shouldn't proceed is because he didn't establish a prima facie case to be able to to demonstrate that there was a basis for for the action to proceed anywhere. Because all of the objective factors that he listed, hiring Fox Rothschild, allowing the seizure judgment to be dismissed, all those rulings she had already previously made and had determined against him. Right. That that she the my understanding of the the order that was sought in this bankruptcy case and the order that was entered is that Mr. Kashkala was denied permission to bring this action in another forum. Ordering the trustee. Correct. And, and, and that is the scope of the order that's that that's on appeal. You're correct that the analysis that she that the bankruptcy court used in in coming to that conclusion was essentially that she had previously rejected all of these theories of liability, you know, repeatedly. Unless the court has any further questions for me, I, I don't have any, any further argument on this matter. Right. Any more questions? Mr. David, go ahead. Good morning. May it please the court. Henry gave it on behalf of Seiko Epson Corporation and Epson America Corporation. I concur with Mr. Priscilla's points. The only point we made in our brief or below, to be honest, was not so much a standing issue as whether Mr. Kosh called whether the procedure that he wanted, which was he the debtor who's been denied his discharge, acting in pro se, could bring these claims in another forum. And, and our point was that that that's just not appropriate that the the appropriate procedure would be if the if Judge Blumenstein concluded that there was some merit in Mr. Kosh's point to remove the trustee, appoint a new trustee, and that trustee could investigate and decide whether it made sense to pursue these claims. Alternatively, other the court could have authorized others to do it. The bank of America is owed half a million. The IRS has a million dollar priority claim. Whether that's the right amount or not has yet to be determined. But, but it asserts such a claim and it has prima facie validity. So if there was playing this, playing this out, counsel, I mean, you know, Mr. Kosh called it makes it his situation makes an interesting argument because you have now denied the discharge for any claim. So theoretically, these creditors all retain their rights to go after Mr. Kosh called it. Mr. Kosh called it. He would prefer that they presumably get paid in bankruptcy. So, you know, that that in some ways, you know, heightens his interest here and lessens the interest of the creditors because they retain their rights to go after him despite the bankruptcy. I would agree with the first point that I that he has a heightened interest due to the non-discharge ability. Indeed, for that matter, I have not evaluated. My guess is the IRS claim is at least non-dischargeable, independent of denial. That's all moot now because you have 727 action. Yeah, exactly. But but the the creditors would likewise would benefit from the estate having additional assets. Mr. Kosh called has gone through bankruptcy. He may or may not ever have any assets. If there were another, he claims there's a million dollars that the estate could obtain if these claims are pursued successfully. I I don't agree with that. But if that were true, that would benefit the creditors, the IRS in the first instance and the general unsecured creditors such as absent and second interest. So this is not any different in the sense that the creditors have the direct interest and the debtor, if at all, has an indirect interest. And yet the debtor generally does not have standing is generally not given standing to pursue these claims. Representatives of the state are given that those rights and those claims are generally heard in the bankruptcy court. And Judge Bloomfield is well within the exercise of her discretion to say, Mr. Kosh called it isn't the right plaintiff and another forum isn't the right place to do it. And by the way, there is no valid claim here. All those were perfectly appropriate findings of fact and conclusions of law and exercise of discretion and and and the order ought to be a firm. And therefore and trails off. What what what exactly is the significance of the prior decisions? Do they bind us? Is that dispositive or not? Well, you would need to go through each of Mr. Kosh callers claims to really do that analysis. Yeah, I understand. And I'm asking in a more generalized section. Did you do you believe it's preclusive or or something less? I think it is, in fact, preclusive. I think there's issue preclusion when, for example, when Mr. Kosh called, says that, well, let's take the stipulation regarding the the automatic stay. Yes, we signed a stipulation with both trustees in both the states with respect to resolution of the automatic stay. Well, Mr. Kosh called a forgets to point out is Judge Blumenstein rejected that stipulation and instead ruled on our motion for automatic stay. Not that it's relevant. She actually gave us more relief than the stipulation would have. But that that's not the point. The point is, yes, the trustees signed both trustees signed off on the stipulation, but there was never an order on that stipulation. And therefore, there was no harm there. Likewise, with respect to the dismissal of the wrongful seizure action, the wrongfully filed wrongful seizure action. Mr. Kosh called. I went back to Judge Blumenstein and said, hey, judge, they dismissed it with prejudice. I don't think that's what you meant. She goes, no, no, no. That dismissal is consistent with what I said, and it's fine. By the way, he didn't appeal that ruling by Judge Blumenstein. So every every claim that he has purports to assert or request to assert against the trustee and her professionals already has been addressed by Judge Blumenstein and is pursuant to a final order. All of them. So let me ask you, are all of those matters subject to final orders? Because I seem to recall that this court has sent a number of those back when they've appeared in front of us recently as interlocutory. Certains Mr. Kosh called has raised those issues so often they are subject to both. Some of them are subject to non final orders that that he appealed and you dismiss. But then he raised those same issues in other orders in other proceedings, and those were final orders. So again, one would almost have to do a chart of every complaint by him and cite the order. But but I believe not that his complaint was as clear as that. I can say with certainty I understand everything he was saying, but to the extent I understand it, everything he did was subject to a final order as well as in some instances, not final orders. Thank you. Unless the court has additional questions, I, I see any additional time I have, which I can't see a clock. I don't know if I have any. You have about 40 seconds so that I'm not seeing much. Thank you. All right. All right. So, Mr. Kosh called that will go back to you for your rebuttal you have six minutes. Your microphone's not on. Yeah, you. While the next appeal, we're going to be discussing next that I filed too many appeals. So it's not clear for me whether it is I filed too many appeals or too few appeals. And that's just one of the point we're going to be discussing further because it seemed to me that I'm here right now in litigation, not against say gaps and and and trustee of Fox Rochelle. It seems not litigation is dispute, but it seems that I'm here against the judge Blumenthal and as you may recall, and I reviewed your decisions dismissals. I did appeal most of those orders and they are still going to be pending further decisions upon the final determination. So my point is that I disagree. I do respect the court's orders, but I truly disagree with that. And I think that my right to appeal remains that issue at question, regardless of the merits, but at least at question, which gives me the rights to claim claim over here. The relief I'm seeking right now in this motion and is that really the nub of it is that you're using this request as kind of a proxy or in instead of the appeals. You're challenging the same orders. You want to appeal as the basis for your perspective lawsuit. I honestly I didn't understand your question. If you can paraphrase it, I would highly appreciate that. Sure. Everything that you walked us through in your discussion is inherently within the administration of the bankruptcy. Right. Whether to approve a settlement, whether to approve abandonment, allowing the trustee to do that. And you appealed. You have either appealed or indicated your your intent to bring another appeal for those matters. But at the base, those have already been decided against you. Those have already been raised and decided. And now you ask us to allow you to sue the trustee in a different court to decide those same matters. But really, is it the right resolution to ultimately get to your appeals? Your Honor, I don't know how it should be, but I have an opinion on the general situation. I filed. I filed. And this bankruptcy at first being filed as Chapter 11, then converted to Chapter 7 was filed because of Epson. It was resulted from the litigation with Epson. When I say because litigation arising from the Epson and then Epson's lawyers were allowed to be entered and they were dictating everything in this in this proceeding. Epson took over the whole court and all of the proceedings. And of course, the judge would be deciding in favor of your trustful trustee. She has been dealing for years. But in reality, it was Epson's lawyers who were presenting those those arguments. I was powerless at that point. Let me bring you one hypothetical example. Imagine there would not be a litigation against Epson. It would be that Epson would be claiming that I owe them not $12 million, but $12 billion without litigation. Irrelevant why? And then if Epson's lawyers are hired, they accept everything as is, and they start to follow any single claim. I believe it was Mr. Henry Davis, but I might be wrong. It might be my objective sellers. There are other creditors who could benefit. But if the Epson's lawyers accept the claim, the whole claim, the huge claim, it's not the amount that matters that Bank of America has $500,000 or $600,000, but the ratio. And coming back to my hypothetical example, if they would be accepted unchallenged by Epson's lawyers, $12 billion without any cause, then regardless of whether it's going to $600,000, $1 million, or $2 million by other creditors, they are meaningless ratio-wise. They are meaningless. They have no interest. They cannot even rely because everything that's going to be over that amount is going to be proportionally distributed, which is almost nothing. Coming back to our situation, I felt that in this bankruptcy, I have done everything I could in order to bring to the judge the situation that I see from my side, whether it was correctly or not, but that's my opinion, and I should be entitled to say that. And I disagree with a lot of orders, and all of the orders were against me, but all of those orders were made based on the—I hope it's not going to sound in a negative way—based on the poisoned arguments by Epson's lawyers who were allowed to participate and to represent the trustee. The question here— You're basically saying that Fox Grass trial controlled what went on? Is that what you're saying? What I'm trying to say is that, of course, the trustee is the one who was supposed to supervise, but when you allow the non-disinterested counsel to be in, there is no clear—you cannot distinguish one from the other, because once you allow the opinion which has a different interest, there is no— I should have not hired non-disinterested counsel, and if she did, and then she failed after numerous notifications to cure that, I should have the right to pursue that, and no other party would be interested. Thank you. All right. All right, thank you. All right, so this matter will stand submitted. Madam Clerk, would you please call the next case?
judges: Brand, Spraker, Gan